LAW OFFICES OF RACHEL S. BLUMENFELD PLLC
Attorney for the Debtor and Debtor-in-Possession
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

                                                                     Chapter 11

232 Smith Street LLC ,                            Case No: 1-22-42120-ess

                                     Debtor.
—————————————————————X

## DEBTOR'S MOTION FOR AN ORDER DISMISSING CHAPTER 11 CASE

**TO:    THE HONORABLE ELIZABETH S. STONG
         UNITED STATES BANKRUPTCY JUDGE:**

232 Smith Street LLC, the above captioned debtors and debtors-in-possession (the "Debtors"), by their attorneys, The Law Office of Rachel S. Blumenfeld PLLC, files this motion (the "Motion") for an Order, pursuant to §§105, 305 and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), dismissing the Debtor's Chapter 11 cases and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b) (2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§105(a), 305 and 1112 of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On September 7, 2022, three petitioning creditors commenced the above-captioned involuntary bankruptcy case by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code against the Debtor.

4. Thereafter, the Debtors have continued in possession and management of their respective assets as debtors-in-possession pursuant to 11 U.S.C. 1107 and 1108. The Debtor owns a parcel of unimproved real estate/land located at 232/240 Smith Street, a/k/a 59/61 Douglass Street, Brooklyn, New York (the "Premises"). The Premises do not currently generate any income. The Debtor and other parties have Beene litigating damages and liability from negligent construction practices.

## RELIEF REQUESTED

5. By this Motion, the Debtor respectfully requests the Court enter an Order dismissing its Chapter 11 case ("Dismissal Order").

### A. This Court Should Dismiss the Debtors' Bankruptcy Case for "Cause" under 11 U.S.C. § 1112(b).

6. Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, the Court **shall** dismiss a bankruptcy case "for cause."[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") changed the statutory language with respect to conversion and dismissal such that now, upon a finding of "cause," the Court **must** dismiss or

---

[1] Section 1112(b)(1) states, in pertinent part:
> On request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
> 11 U.S.C. section 1112(b)(1) (emphasis added).

convert a Chapter 11 case absent unusual circumstances.[2] *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (the amendments to section 1112 limit the court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal such that this Court has no choice, and no discretion in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)"); *In re 3 Ram, Inc.,* 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate").

7. Here "cause" exists to dismiss the Debtors' bankruptcy case. The Debtor is currently a non operating business, and was willing to fund a plan from outside funds unrelated to the Debtor's business since the Debtor has been unable to operate. However, without the Lender's participation in the bankruptcy case, and pursuant to mediation after which the Debtor agreed to lift the automatic stay, there is no purpose in keeping this case inside bankruptcy. Section 1112(b)(4) of the Bankruptcy Code provides a nonexclusive list of 16 grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)-(P). *See In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011) (section 1112(b)(4) contains a non-exclusive list of enumerated examples of facts that would constitute cause); *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991) (the list is

---

[2] Before BAPCPA, a bankruptcy court had wide discretion to use its equitable powers to dispose of a debtor's case but was not mandated to dismiss a case if cause were shown. H.R.Rep. No. 595, 95th Cong., 1st Sess 405 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787; *see also Small Business Admin v. Preferred Door Co. (in re Preferred Door Co.*), 990 F.2d 547, 549 (10th Cir. 1993)(a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza, Ltd.,* 935 F.2d 723, 728 *5th Cir. 1991)(determination of whether cause exists under § 1112(b) "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F. 2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under §1112(b)).

non-exhaustive and courts should consider other factors as they arise); *3 Ram*, 343 B.R. at 117 ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive, has not") accord *In re Frieouf*, 938 F.2d 1099, 1102 (10th Cir. 1991) (Section 1112(b)'s list is non-exhaustive).

8. One such ground is where a party-in-interest, including a debtor-in-possession, shows that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A); *see also In re Landlmark Atl. Hess Farm, LLC*, 448 B.R. at 713 (requiring movant to demonstrate the existence of both components: (i) a substantial or continuing loss or diminution to the estate; and (ii) the absence of a reasonable likelihood of rehabilitation); *In re Citi-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) ("Section 1112(b)(1) contemplates a "two-fold" inquiry into whether there has been a "continuing diminution of the estate and absence of a reasonable likelihood of rehabilitation")(citing *In re Photo Promotion Assoc., Inc.,* 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985)). The first prong requires the court to determine whether post-petition, "the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values." *Landmark Atl. Hess Farm, LLC* 448 B.R. at 713-14 (citing *In re Westgate Properties, Ltd.,* 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010)). Here, the Debtor does not have a reasonable likelihood of rehabilitation without the consent of the Lender.

9. The second part of the test focuses on whether the debtor has sufficient business prospects. *See Landmark Atl. Hess Farms, LLC*, 448 B.R. at 714-15. Courts have held that this prong is satisfied where a debtor has little or no assets and, as a result, there is an inability to

confirm a plan. *See Roma Group, Inc., v. Office of the United States Trustee (In re Roma Group, Inc.,* 165 B.R. 779, 780 (S.D.N.Y. 1994) ("Lack of assets…makes it unlikely that an effective plan of rehabilitation as required under Chapter 11 could be formed or filed and supports dismissal of the Chapter 11 case."); *In re Preferred Door Co., Inc.,* 990 F.2d 547, 549-550 (10th Cir. 1993) (affirming holding that dismissal was warranted because the debtor lacked the ability to effectuate a plan). Here, there is no equity, the Debtor believes the secured lender has already foreclosed, or will foreclose shortly on the Property and the case is likely administratively insolvent.

10. The Debtor satisfies the two-pronged analysis for dismissal. The Property has no equity, and the case is administratively insolvent. This means that in the event of a liquidation, a Chapter 7 trustee will probably abandon the Property (if it has not already been foreclosed) and there will be no monies for distribution to general unsecured creditors. Meanwhile, administrative expenses, continue to accrue each day the Debtor remains in bankruptcy. *Landmark Atl. Hess Farm, LLC*, 448 B.R. at 14 (discussing a lack of assets as a basis for "cause").

11. Second, without the Property, the Debtor would have a difficult time confirming a Chapter 11 plan, as there is no likelihood of rehabilitation. *See Landarmk Atl. Hess Farm, LLC*, 448 B.R. at 714-15. This is demonstrated by the Debtors' lack of material unsecured assets that can be monetized for the benefit of its creditors *See, e.g., Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992).

12. Given these circumstances, "cause" for dismissal exists under Section 1112(b) of the Bankruptcy Code.

**B. Dismissal Under 11 U.S.C. § 1112(b) Is in the Best Interests of the Debtors' Estate and Creditors.**

13. Once a court determines that cause exists to dismiss a Chapter 11 case, the court also must evaluate whether dismissal is in the best interests of the estate and creditor. *See In re Superior Sliding & Window, Inc.,* 14 F.3d 240, 243 (4th Cir. 1994); *In re MazzoconeI,* 183 B.R. 402, 411 (Bankr. E.D. Pa. 1995), aff'd 200 B.R. 568 (E.D. Pa. 1996). Dismissal of a debtor's Chapter 11 case meets the best interests of creditors test where a debtor has nothing left to reorganize and the debtor's assets are fixed and liquidated. *See In re Camden Ordinance Mfg. Co. of Arkansas, Inc.,*, 245 B.R. 794, 799 (E.D. Pa. 2000) (finding that a reorganization to salvage a business which ceased doing business was not feasible); *In re Brogdon Inv. Co.,* 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing chapter 11 case in part where there was "simply nothing to reorganize" and no reason to continue the reorganization).

14. Dismissal of the Chapter 11 case is in the best interest of the Debtor's estate and creditors.

15. The Debtor also notes that because it is the party seeking dismissal of this case (as opposed to a creditor seeking dismissal), its request for dismissal rather than conversion should be given some deference.

**C. In the Alternative, Dismissal of the Debtors Bankruptcy Case is Warranted under Section 305(a)(1) of the Bankruptcy Code**

16. Alternatively, cause exists to dismiss this Chapter 11 case pursuant to Section 305(a) of the Bankruptcy Code, which provides, in pertinent part:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if –

> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension;
>
> 11 U.S.C. § 305(a)

17. Courts have considered a wide range of factors when construing Section 305(a) including, but not limited to:

> (i) economy and efficiency of administration;
>
> (ii) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;
>
> (iii) whether federal proceedings are necessary to reach a just and equitable solution;
>
> (iv) whether there is an alternative means of achieving an equitable distribution of assets;
>
> (v) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interest in the case;
> (vi) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and
>
> (viii) the purpose for which the bankruptcy jurisdiction has been sought.

*See In re Crown Village Farm LLC*, 415 B.R. 86, 96 (Bankr. D. Del. 2009).

18. However, "the exact factors to be considered and the weight to be given to each of them is highly sensitive to the facts of each individual case." *Mazzocone*, 200 B.R. 568, 575 (E.D. Pa. 1996).

19. Dismissal of this case is warranted under Section 305(a)(1). Dismissal, rather than conversion, represents the least expensive and most efficient method for concluding the Debtors' cases. Indeed, courts have approved dismissal of other Chapter 11 cases under similar circum-

stances pursuant to Section 305(a) of the Bankruptcy Code.  *See e.g., In re Business Information Co.,* 81 B.R. 382, 386-87 (Bankr. W.D. Pa. 1988); *In re Spade*, 258 B.R. 221, 238 (Bankr. D. Colo. 2001).

20.  Thus, the Debtor respectfully requests that their chapter 11 cases be dismissed.

## **CONCLUSION**

21. Based upon the foregoing, the Debtor respectfully submits that dismissal is both appropriate and warranted under §§105, 305 and 1112(b) of the Bankruptcy Code.

**WHEREFORE,** the Debtor requests that the Court enter a proposed Order dismissing the Debtor's Chapter 11 case, together with such other and further relief as is just and proper.

Dated:  Brooklyn, New York
  February 26, 2023                                   Respectfully submitted,

*/s/ Rachel S. Blumenfeld*
Rachel S. Blumenfeld, Esq.
Law Office of Rachel S. Blumenfeld
26 Court Street, Suite 2220
Brooklyn, New York  11242
Tel:  (718) 858-9600
Fax: (718) 858-9601